IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

## STATE OF TENNESSEE v. MELODY DANIELLE CORUM

**Appeal from the Circuit Court for Lawrence County**
**Nos. 30363-67, 30453-54, 30598, 31677     Stella L. Hargrove, Judge**

_____

### No. M2015-01140-CCA-R3-CD – Filed February 10, 2016

_____

Appellant, Melody Danielle Corum, entered guilty pleas to seven counts of aggravated burglary, seven counts of theft of property, one count of tampering with evidence, and one count of vandalism, for which she received the agreed-upon effective sentence of twelve years, suspended after time served. Appellant's probation was revoked after she was convicted of an additional theft of property offense; the trial court reinstated her probation and added a consecutive four-year sentence, suspended to probation, to her probationary term, for an effective sixteen-year term of probation. The State obtained the instant probation of violation warrant alleging that appellant was found to be in possession of controlled substances, that she admitted using controlled substances, and that she had failed to pay restitution as required. Following a hearing, the trial court revoked appellant's probation and ordered her sentence into execution. Appellant appeals the revocation, alleging that the trial court abused its discretion. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROGER A. PAGE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Claudia S. Jack, District Public Defender; and Robert H. Stovall, Jr., Assistant District Public Defender, for the Appellant, Melody Danielle Corum.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Brent A. Cooper, District Attorney General; and Gary M. Howell, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Procedural History

The record reflects that appellant entered guilty pleas in eight different cases on September 14, 2012: 30363, aggravated burglary and theft of property valued at more than $1,000 but less than $10,000; 30364, aggravated burglary and theft of property valued at more than $1,000 but less than $10,000; 30365, aggravated burglary and theft of property valued at more than $1,000 but less than $10,000; 30366, aggravated burglary; 30367, aggravated burglary, theft of property valued at more than $1,000 but less than $10,000, and tampering with evidence; 30453, aggravated burglary, theft of property valued at more than $1,000 but less than $10,000, and vandalism of property valued at more than $500 but less than $1,000; 30454, aggravated burglary and theft of property valued at more than $1,000 but less than $10,000; and 30598, theft of property valued at more than $1,000 but less than $10,000. She received six-year sentences for the burglary and tampering with evidence convictions, four-year sentences for the theft convictions, and a two-year sentence for the vandalism conviction. Two of the burglary sentences were aligned consecutively with the remainder of the sentences aligned concurrently, for a twelve-year effective sentence. After credit for time served from February 24, 2012, to September 14, 2012, appellant's sentence was suspended to probation.

In August 2013, a probation violation warrant was filed due to appellant's arrest for theft of property valued at more than $1,000 but less than $10,000 in May 2013. The probation violation was resolved in a hearing in January 2014 at which the trial court sentenced her to an additional consecutive four-year sentence for theft in case number 31677 and reinstated appellant's probation, resulting in a sixteen-year probationary term.

The State filed a probation violation report on February 5, 2015, alleging four violations: (1) possession of 0.5 grams of methamphetamine and thirteen grams of marijuana; (2) admitted use of methamphetamine and marijuana; (3) failure to pay probation supervision fees; and (4) failure to pay restitution as ordered.

### II. Facts

At the May 28, 2015 probation violation hearing, the State called as a witness Beth Ladner, the probation officer who supervised appellant's probation. Ms. Ladner testified that appellant was placed on probation in September 2012.

Ms. Ladner stated that during a home visit on January 27, 2015, appellant was found to be in possession of 0.5 grams of methamphetamine and thirteen grams of marijuana. Appellant also signed an admission regarding her use of these illegal

substances. In addition, the terms of appellant's probation required her to make payments of $200 per month toward restitution and court costs. As of the date of the hearing, appellant's last payment of $20 was made on November 13, 2014.

Ms. Ladner reported that appellant had been gainfully employed prior to being "laid off" in January 2015. As of the date of the hearing, appellant owed $14,143 in restitution, and she had paid $1,190.

Appellant called her mother, Melinda Faye Green, as a witness. Ms. Green stated appellant had been accepted into a drug rehabilitation program and provided a letter from the director of the program. She said that pursuant to program rules, appellant would not be allowed any telephone calls for sixty days, visits for ninety days, or passes for 120 days. The director would also send a progress report each month. Ms. Green had already paid for the program. She had personally been through the program and had been drug-free for two and one-half years at the time of the hearing.

Appellant testified on her own behalf and acknowledged the outstanding restitution balance. She indicated that she wanted to "get some structure in [her] life and get a job" to pay the balance. She said that after her husband died on December 25, 2011, she "just self-destructed." She had struggled with a drug problem since then and had attempted to seek help. She stated that she desired to attend the program about which Ms. Green had testified.

On cross-examination, appellant admitted that she had "not necessarily" asked anyone for help with her drug problem.

Upon this evidence, the trial court revoked appellant's probation and ordered her sentence into execution, holding that the State had carried its burden of proof with regard to appellant's possession of methamphetamine and marijuana and her use of the same. This appeal follows.

## III. Analysis

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the

defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

Appellant's argument, simply, is that "based upon the proof presented at the hearing, [a]ppellant respectfully submits that the trial court erred in revoking [a]ppellant's probation based upon the sufficiency and weight of the evidence presented at the hearing."

Based on appellant's admission of her illegal drug use and her being found in possession of the same, the trial court acted within its discretion in revoking appellant's probation for failure to comply with the condition of probation prohibiting the use of drugs. *See Pamela J. Booker*, 2012 WL 6632817, at *2 (noting that appellant's admission of cocaine use and the positive drug test established by a preponderance of the evidence that she violated a term of probation). We also note appellant's prior probation revocation, indicating her failed attempt to comply with the terms and conditions of probation. "Although she testified that she would like to participate in a drug rehabilitation program, her prior history of violations does not support a further reprieve from incarceration." *Id.* Appellant's argument to the contrary is baseless.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and the applicable legal authorities, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE

-4-